[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13039

Non-Argument Calendar

_____

BRENDA HERNANDEZ,

Plaintiff-Appellant,

versus

SAM'S EAST, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61648-RAR

_____

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Brenda Hernandez appeals the district court's grant of summary judgment to defendant Sam's East in her personal injury lawsuit. On appeal, Hernandez first argues that the district court abused its discretion when it failed to afford her an adequate opportunity for discovery. Second, she argues that the court erred in granting the motion because there existed a genuine issue of material fact. Third, she argues that the court abused its discretion when it denied her Rule 59(e) motion challenging that ruling.[1]

Because we write only for the parties who are already familiar with the facts and proceedings in the case, we recite them only as necessary to explain our decisions.

Addressing initially Hernandez's second argument on appeal, we conclude that the district court correctly held that Hernandez has "failed to present any evidence, either direct or circumstantial, that would give rise to an inference that a foreign substance was on the floor long enough to charge Sam's East with constructive knowledge of its presence." D.C. Order, Doc. 57, at 12. Our careful review of the record evidence supports the district

---

[1]     Hernandez also argues that her treating physician is not subject to disclosure requirements under Federal Rule of Civil Procedure 26(a)(2)(B). Because the district court did not rule on that issue, we decline to rule on it in the first instance.

court's conclusion. There is no evidence at all indicating how long the foreign substance was on the floor before Hernandez fell.  And there is evidence that there was no foreign substance on the floor at the relevant spot ten minutes before plaintiff fell.  That is, employee Johnson's declaration and the closed-circuit television footage is evidence that there was no such foreign substance just ten minutes before plaintiff fell.   Johnson attested in his declaration that he "inspected" that very area ten minutes before.  And the video footage confirms that ten minutes before the fall, Johnson is seen passing through that very area—pulling a cart such that he was walking in the direction of the spot where plaintiff fell, facing in that direction with an unobstructed view because he was pulling the cart from the front.  Although the video does not confirm that Johnson carefully inspected the very spot where plaintiff fell, it does support his assertion that he was inspecting as he walked, because the video does show that he briefly stopped and picked up a produce bag which was on the floor.  More significant than Johnson's declaration and the video is the fact that there is no evidence at all that the foreign substance on which plaintiff fell was on the floor for more than ten minutes. With respect to Hernandez's testimony that, immediately after her fall, she noticed some footprints or cart tracks in the area, we agree with the district court: under the relevant Florida case law, this testimony is not enough—by itself—to warrant finding that a foreign substance had been on the floor for an extended time.   There being no evidence that a foreign substance was on the floor for a sufficient time to impute constructive

knowledge to defendant, the district court did not err in granting summary judgment.

Hernandez's first, and primary, argument on appeal is that the district court abused its discretion in failing to afford plaintiff a fair opportunity for discovery. Hernandez does suggest that there might have been some ambiguity in the district court's discovery order dated December 16, 2020, which may have contributed to confusion and difficulties with respect to discovery from then until February 9, 2021. However, on February 9, 2021, the district court clarified that discovery would extend until March 31, 2021—the date which the parties had agreed should be the discovery deadline. Thereafter—i.e., after February 9, 2021—there is no suggestion that defendant was not fully cooperative with plaintiff's discovery. And there is no evidence that plaintiff was not able to accomplish such discovery as was appropriate within that extended discovery period. The district court did not grant defendant's motion for summary judgment until April 26, 2021, almost a full month after the extended March 31, 2021, discovery deadline. Before the April 26, 2021, final judgment, Hernandez never asked the district court for leave to file a supplemental brief in opposition to summary judgment, to elaborate upon the discovery accomplished during the extended discovery period. And there is no indication that the district court failed to give full consideration to all of the evidence in the record, including that adduced through the extended discovery ending March 31, 2021. In sum, we cannot conclude that the

21-13039                Opinion of the Court                    5

district court abused its broad discretion with respect to discovery matters.[2]

     For the foregoing reasons, the judgment of the district court is

     AFFIRMED.

---

[2]     We reject summarily Hernandez's challenge to the district court's denial of her Rule 59(e) motion.  As the district court held, it merely sought to relitigate old matters or sought to argue matters that could have been argued before final judgment.